UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| KATHLEEN ALTIER, ) | C/A No.: 4:10-cv-01748-TER |
| Plaintiff, ) | |
| v. ) | CONSENT ORDER FOR REDACTION OF |
| LOWE'S HOME CENTERS, INC., ) | DOCKET NOS. 70-1, 82-1, AND 83-1 |
| Defendant. ) | |

It appearing that Defendant Lowe's Home Centers, Inc. ("Lowe's") filed a Motion to Redact or Seal Docket No. 70-1 on July 19, 2012, [Docket No. 72] and a Motion to Seal or Redact Docket Nos. 82 and 83 [Docket No. 86] on the ground that information contained in these documents is confidential, settlement communications that are not to be disclosed to anyone outside of the parties to this lawsuit; and that Plaintiff now consents to Lowe's' request to redact the settlement figures set forth in Docket Nos. 70-1, 82-1, and 83-1.

Therefore, it is Ordered that the settlement figures set forth in Docket Nos. 70-1, 82-1, and 83-1 be immediately redacted and that the documents attached to this Order be substituted for Docket Nos. 70-1, 82-1, and 83-1.

**AND IT IS SO ORDERED.**

Thomas E. Rogers, III
United States Magistrate Judge

Nov. 14, 2012

Florence, South Carolina

**WE CONSENT**

S/Suzanne C. Ulmer
Trent M. Kernodle (Fed. ID #4182)
Suzanne C. Ulmer (Fed. ID #10522)
Kernodle, Root & Coleman
914 Folly Road, Suite 2
Post Office Box 13897
Charleston, SC 29412
(843) 795-7800
(843) 795-3032   fax
tkernodle@kernodlelaw.com
Sulmer@kernodlelaw.com

Attorneys for Defendant

October 25, 2012

**I CONSENT**

Kathleen Altier
785 Drawbridge Road
Conway, SC 29526
(843) 347-1090

*Pro Se* Plaintiff

October 26, 2012

June 30, 2012

Attorney S; Ulmer
Law offices of Kernodle, Root and Colemen
914 Folly Rd. Suite 2
P.O. Box 13897
Charleston, SC  29415
Re;  Settlement     Altier    V.    Lowes

Attorney Ulmer,
While we await the decision from the Court regarding our motions, I will attempt one more time to reach a settlement with Lowes Inc. It is my understanding that you entered into settlement negotiations with my former attorney, Mr. Gordon prior to the Pre-Conference Hearing in April. It is also my understanding that your last offer was at ▓▓▓▓. I my last discussion with Mr. Gordon, I had instructed him to hold at ▓▓▓▓.
In my review of my files, when I was finally able to secure them, it seems that Mr. Gordon counter-offered you ▓▓▓▓.

Based on this information and pending the Court's disposition of our motions, I will be willing to accept the ▓▓▓▓ that he presented to you and your client. We can then settle this case and move on.

I would prefer to obtain your decision in writing within the next two (2) weeks, since I anticipate that we shall receive word from the Court with respect to either a date for the Motion Hearing or The Judges decision. Should he accept my motion/request, we will re-open discovery and begin the process again toward either trial or settlement.

I hope to hear your decision within the next two(2) weeks.

Respectfully submitted,

*K. Altier*

Kathleen Altier
785 Drawbridge Dr.
Conway, SC 29526
(843) 347-1090
e-mail kathyaltier785@gmail.com

*Kathleen Altier   10/26/12*

Kathleen Altice

Lewis Hamilton Inc.

United States District Court of South Carolina
4:10-cv-0148-TLW-TER

Preliminary Settlement Agreement - To be Signed
with Final Documentation



Kathleen Altice  10/26/12



Kathla althei 7/24/12         [signature] 7/31/09
Plaintiff     Date              Defendant     Date

Kathleen Althier 10/26/12

July 25, 2012

Attorney S. Ulmer
Law offices of Kernodle, Root, Coleman
914 Folly Rd. Suite 2
P.O. Box 13897
Charleston, SC 29415

RE: Settlement Agreement
ie: lien~~s from Medicare~~ ▓▓▓▓▓▓▓▓▓▓

Attorney Ulmer,

Pursuant to our settlement conference/agreement on July 24, 2012, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ now KA we might address your (Lowes') concern with respect to their indemnity to any liens. ▓▓▓▓▓▓▓▓ the following actions to be taken to ensure both parties rights to mediate/appeal the liens and Lowes' final settlement and payment of the case. First, section 5, of the preliminary settlement agreement stated Lowes protection from any future indemnity of claims, judgments, costs, fees and liens. In order to further assure Lowes' of its final obligations in this case, ▓▓▓ recommend the following actions:

1. Lowes' makes out two (2) checks to Kathleen Althier — one check for the amount of the lien ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ which represents the total cost of ▓▓ lien.
2. Lowes makes out another check for the ▓▓▓▓▓▓▓ minus the ▓▓▓▓▓▓▓, for a total of ▓▓▓▓▓▓▓.
3. The check for the lien ▓▓▓▓▓▓ will be placed into an interest bearing 6 month CD, with a copy of the account sent to Attorney Ulmer or Lowes, pursuant to your discussion with them.
4. This will allow for Ms. Althier to conduct her appeal and



Kathleen Althier 10/26/12

mediating with [redacted] Medicare [redacted] in order to achieve a final decision from [redacted] carrier as to the lien amount and/or reduction [redacted] will accept in order to satisfy their settlement of Ms. Attier recovery of related medical expenses.

5. If within the course of 6 months, there has been no settlement with the carrier, the CD will be rolled over and another copy of the account will be sent to the Attorney and/or Lowes, whichever is decided. Should it settle prior to 6 months, she will pay the money from a different acct to not break the CD interest or penalties.

6. Once a settlement of the lien is agreed upon, Ms. Attier will send copies of the check and correspondence to Attorney Ulmer/Lowes verifying final settlement of the lien, by which all parties will be finalized, with no need for further involvement.

[redacted] the contract section of Lowes indemnity [redacted] always been sufficient. [redacted] However, [redacted] this option to allay any misgivings of Lowes and its representatives so that we can move a toward closure/final payment to me.



Kathleen Attier 10/26/12

[redacted] hold any money due to the reporting issues you would then be responsible for to Medicare [redacted]. By doing it this way, I am responsible for the [redacted] appeal, [redacted], and this way all reporting responsibilities fall on me. The option we discussed on July 24, 2012 — making the check out to me with Medicare [redacted] would make the check worthless since I would be unable to secure their signatures, making the check not cashable, the entire amount cannot be paid due [redacted] I would be unable to secure the money back since it is in their "system" - they must commit to the amount prior to payment following the appeal with a letter. Then I can send the appropriate amount in a check or money order.

The two check system, although a pain in neck for me with the reporting demands is the best way to resolve the lien issue. [redacted] Loves, so I will be happy to do so. Please advise me as to when the checks will be issued. [redacted]

[redacted]

Respectfully submitted,
Kathleen Altice

Kathleen Altice  10/26/12